IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Fortiline Inc, | ) C.A. No. 6:25-cv-00195-DCC |
|       Plaintiff, | ) |
| v. | ) **OPINION AND ORDER** |
| STAline Waterworks Inc, | ) |
|       Defendant. | ) |

This matter is before the Court on Defendant's Motion to Stay. ECF No. 11. Plaintiff filed a response in opposition to the stay to which Defendant replied. ECF Nos. 12, 15. For the following reasons, Defendant's Motion is granted in part.

## I. BACKGROUND

On January 10, 2025, Plaintiff filed its Complaint alleging Defendant misappropriated Plaintiff's confidential information and trade secrets and solicited, recruited, and induced its employees to leave their employment with Plaintiff and to invest in Defendant while still employed with Plaintiff. ECF No. 1 at 1–6. Based on Defendant's alleged conduct, Plaintiff brings several causes of action against Defendant including claims for tortious interference with a contract, conversion, and violations of state and federal laws concerning trade secrets. *Id*. at 6–14. On February 3, 2025, Defendant filed its Answer along with its Motion to Stay. ECF Nos. 9, 11. As basis for the requested stay, Defendant cites allegedly related litigation, which, being further along, would risk inconsistent rulings and potentially force duplicative and unnecessary discovery. ECF No. 11-1 at 2, 12–13. Defendant cites to litigation in the Delaware Court of Chancery and

the South Carolina Business Court[1] and specifically requests a stay pending the disposition of a summary judgment motion in the Delaware Court of Chancery case. ECF No. 11-1 at 12–14. Plaintiff opposes Defendant's Motion to Stay. See ECF No. 12.

## II.  APPLICABLE LAW

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). The decision to grant or deny a motion to stay "calls for an exercise of judgment to balance the various factors relevant to the expeditious and comprehensive disposition of the causes of action on the court's docket." *United States v. Ga. Pac. Corp.*, 562 F.2d 294, 296 (4th Cir. 1944). The court "must weigh competing interests and maintain an even balance." *Landis*, 299 U.S. at 254–55. "Traditionally, a court may consider the following factors when deciding whether to stay legal proceedings: (1) the potential prejudice to the non-moving party; (2) the hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources that would be saved by avoiding duplicative litigation if the case is in fact stayed." *Brown-Thomas v. Hynie*, C.A. No. 1:18-cv-02191-JMC, 2019 WL 1043724, at *3 (D.S.C. Mar. 5, 2019) (quoting *Mitchell v. Lonza Walkersville, Inc.*, 2013 WL 3776951, at *2 (D. Md. July 17, 2013) (internal quotation marks omitted)). "A

---

[1] It appears from court records for the Richland County Court of Common Pleas that Defendant was dismissed by Plaintiff from the South Carolina Business Court case on January 10, 2025 (the date Plaintiff filed this action) and the case was fully dismissed by stipulation of dismissal without prejudice on February 18, 2025 (the date Plaintiff responded in opposition to Defendant's Motion to Stay in this action). *See* Richland County Fifth Judicial Circuit Public Index, https://publicindex.sccourts.org/richland/publicindex/ (enter Case Number 2023CP4006307) (last visited Apr. 17, 2025).

trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 862 (9th Cir. 1979). The decision to grant a stay is "generally left to the sound discretion of district courts." *Ryan v. Gonzales*, 568 U.S. 57, 76 (2013) (quoting *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007)). "The party seeking a stay must justify it by clear and convincing circumstances outweighing potential harm to the party against whom it is operative." *Williford v. Armstrong World Indus., Inc.*, 715 F.2d 124, 127 (4th Cir. 1983).

### III.  DISCUSSION

Defendant moves to stay this action pending the results of the pending summary judgment motion in the Delaware Court of Chancery because some of Plaintiff's claims in this action may be mooted by the Delaware Court's ruling. ECF No. 11-1 at 12–13. Defendant contends the Award Agreements at issue before the Delaware Court are the same ones at issue in Plaintiff's first cause of action before this Court. *Id.* at 9. Defendant posits Plaintiff will suffer no prejudice from a temporary stay as extensive discovery has already taken place in other courts and in the related litigation in South Carolina Business Court. Accordingly, Defendant urges "[t]here is no need to rush into further costly discovery" in this action. *Id.* at 13. Plaintiff contends the allegedly related litigation only impacts one of its five claims and a stay would cause unfair prejudice and continuing harm to Plaintiff. ECF No. 12 at 4–8. While conceding there is some factual overlap between this action and those pending before other courts, Plaintiff argues that the case before this Court is the only case against this particular Defendant. *Id.* at 1, 3. Plaintiff also cites to a confidentiality order in the Delaware Court limiting the use of discovery for

3

use in that litigation and contends there is no exception for its use in this litigation. *Id.* at 7. However, in reply, Defendant highlights that the Delaware Court's confidentiality order acknowledges the South Carolina Business Court action and allows Plaintiff to share confidential discovery material obtained in Delaware in that action. ECF Nos. 12-1 at 8; 15 at 7.

The Court finds a 90-day stay is appropriate in this case. Although the parties in the pending actions before this Court and the Delaware Court are not identical, the issues in both cases are substantially similar. If both cases are allowed to proceed, there is an opportunity to have potentially inconsistent rulings and conflicting decisions by this Court and the Delaware Court. Furthermore, significant relevant discovery has already been completed both in the Delaware action and the related litigation in South Carolina's business court. While Plaintiff argues the Delaware Court's confidentiality order does not anticipate this action, the confidentiality order allows for use of discovery in the South Carolina Business Court action and "such other related cases as the Parties may agree to add pursuant to the terms of this Stipulation." ECF No. 12-1 at 8. Moreover, while Defendant concedes that some of the claims and issues in this action may need to be litigated despite the outcome of any related litigation, there is undisputedly some factual overlap and common legal issues between this action and the other pending litigation. ECF Nos. 11-1 at 7, 9; 12 at 1; 15 at 5. Thus, a delay in discovery in this action would not cause significant prejudice. Additionally, while Plaintiff argues it would suffer prejudice and continuing harm if this action were stayed, Plaintiff apparently made no effort to

expedite the action that was pending in the South Carolina Business Court.[2]  ECF No. 15 at 6.  Plaintiff has likewise made no effort to obtain preliminary relief in this action.  Based on these circumstances together with the relative recency of the filing of this action, the Court finds that the factors relevant here—potential prejudice to Plaintiff, potential hardship on Defendant, and conservation of judicial resources—weigh in favor of granting a temporary stay in this action.  *Brown-Thomas*, 2019 WL 1043724, at *3.  Accordingly, the Court finds a temporary stay of this action for 90 days is appropriate.

## IV.  CONCLUSION

For the foregoing reasons, the Court grants in part Defendant's Motion to Stay.  This action is stayed for 90 days.  Counsel for the Parties are directed to meet and confer within 30 days to draft a stipulation concerning the use of discovery from the related litigation in this action.  The Parties are further directed to file a written joint status report within 75 days notifying the Court of the status of the Delaware rulings, the outcome of their discovery stipulation discussions, and whether there is any reason the stay should be extended.

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

April 17, 2025
Spartanburg, South Carolina

---

[2] Indeed, as noted above, the South Carolina Business Court action has been dismissed, without prejudice, by stipulation of Plaintiff in this action.  *See* Richland County Fifth Judicial Circuit Public Index, https://publicindex.sccourts.org/richland/publicindex/ (enter Case Number 2023CP4006307) (last visited Apr. 17, 2025).